IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ELAINE L. CHAO,                                )
SECRETARY OF LABOR,                            )
UNITED STATES DEPARTMENT OF LABOR,             )
               Plaintiff,           ) CIVIL ACTION
                                    ) NO. 06-cv-01715
                                    )   LTB-CBS
    v.                                         )
                                               )
RENALD R. BERGGREN, ROBERT E.                  )
YATES, JR., and the VANCOL                     )
INDUSTRIES, INC. PROFIT SHARING AND            )
TAX SHELTERED SAVINGS PLAN.                    )
                                               )
               Defendants.          )

## CONSENT DECREE

THIS MATTER, having come before this Court upon the of the above named Plaintiff, and the Court, being advised in the premises and finding that:

    A.   Plaintiff has filed her Complaint to commence this action; and,

    B.   Defendants have waived service and admitted to the jurisdiction of this Court over them and over the subject matter of this action; and,

    C.   Defendants have admitted the allegations set forth in Plaintiff's Complaint and have agreed to entry of this Consent Decree without contest; and,

    D.    Defendant Robert E. Yates, Jr. having waived his account balance in the Plan; and,

This Court being empowered to provide the relief described herein and for cause shown it is therefore ORDERED, ADJUDGED and DECREED that:

    1.    Defendant Robert E. Yates, Jr., shall restore Ninety Thousand Five-Hundred Fifty-three and 25/100ths Dollars ($90,553.25) to the Plan, as follows: Defendant Robert E. Yates, Jr. has restored the sum of One Thousand Dollars ($1,000.00) to John D. Yates, a participant in the Plan, by making two payments in February and March 2006, and shall restore Ten Thousand Dollars ($10,000.00) to the Plan within ninety days of the date of this Consent Decree, and shall restore the remainder within eighteen months of the date of this Consent Decree, plus interest accruing at the rate of Four and 92/100ths percent per annum (4.92%) on the unpaid balance until paid in full. Defendant Yates shall send copies of the payment checks to the Employee Benefits Security Administration, 1200 City Center Square, 1100 Main Street, Kansas City, Missouri 64105, at the time payments are made, and shall send copies of the cancelled checks and copies of the bank statements showing payment of the same within forty-five (45) days of the payments, and it is further

2. ORDERED that Defendant Robert E. Yates, Jr. shall provide, in the name of the Plan, a security interest in the amount of Ninety Thousand Five Hundred Fifty-three and 25/100ths ($90,553.25), plus interest accruing at the rate of Four and 92/100ths percent per annum (4.92%) from the date of this Consent Decree, in all of his assets, and that Defendant Robert E. Yates, Jr. will properly record the security agreement in accordance with the laws of the State of Colorado, within thirty (30) days of the date of this Consent Decree, and shall provide a copy to the Employee Benefits Security Administration, 1200 City Center Square, 1100 Main Street, Kansas City, Missouri 64105 within forty- five (45) days of the date of this Consent Decree, and it is further

3. ORDERED, that Defendant Robert E. Yates, Jr. is permanently enjoined from serving as an ERISA fiduciary, except as expressly provided in paragraph 5 of this Consent Decree, and Defendant Robert E. Yates, Jr. is enjoined from violating the terms of ERISA; and it is further

4. ORDERED, that Defendant Robert E. Yates shall be removed as trustee of the Plan to the extent that he shall no longer be authorized or permitted to collect, hold, or distribute Plan funds or to terminate the Plan. The Court shall appoint an independent fiduciary, to replace Defendant Yates in his capacity as trustee in all respects except those expressly mentioned in

paragraph 5 of this Consent Decree, to collect, hold, and distribute all Plan funds and to terminate the Plan.  Defendant Robert E. Yates shall cooperate with the independent fiduciary and provide all requested documents.  Reasonable fees for the independent fiduciary shall be paid by the Plan before the remaining funds are distributed to participants.  The independent fiduciary shall not be held personally responsible for any claims against the Plan or related entities which existed, arose, matured or vested prior to the appointment of the independent fiduciary.  Plaintiff shall file a motion nominating an independent fiduciary for appointment after receiving evidence of Defendant Robert E. Yates, Jr.'s restoration of Ten Thousand Dollars ($10,000.00) to the Plan, as described in Paragraph 1; and, it is further

     5.   ORDERED that the amounts owed to the participants by the Plan are set forth in Appendix A to this Consent Decree.  In the event that the Plan assets to be distributed to participants differ from the total amount listed in Appendix A, the independent fiduciary shall distribute the funds pro rata.  Distributions shall be made within twenty-four months of this Consent Decree; and, it is further

6.  ORDERED that any amount recovered by the Plan in litigation against third parties, including but not limited to Regent Bottling Company, shall be restored to the Plan within fifteen days of recovery, and shall not offset the liability of Defendant Robert E. Yates, Jr.  As a limited trustee of the Plan, Defendant Robert E. Yates, Jr. shall pursue such litigation with the prudence and loyalty required of ERISA fiduciaries; and, it is further

7.  ORDERED, that for civil penalty purposes, the "applicable recovery amount" pursuant to ERISA § 502(l)(2), 29 U.S.C. § 1132(l)(2), for Defendant Yates in this matter is the Restitution Amount, plus all post-judgment interest paid pursuant to this Consent Decree.  The penalty assessed will equal twenty percent (20%) of the "applicable recovery amount" for Defendant Yates.  Defendant Yates must either (1) pay the assessed penalty within sixty days of service of notice of the assessment, or (2) timely file a request for waiver or reduction of the penalty, pursuant to ERISA § 502(l)(3) and 29 C.F.R. Sections 2570.80 to 2570.88.  If a request for waiver or reduction of the penalty is rejected by the Employee Benefits Security Administration, Defendant Yates Will have all rights and remedies to appeal said rejection as allowed under the law; and, it is further

8.   ORDERED that nothing in this Consent Decree is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration; and, it is further

9.   ORDERED that each party shall bear her, his, or its own attorneys' fees, costs and other expenses incurred by such party to date and in the future in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees, costs and other expenses which may be available under the Equal Access to Justice Act, as amended; and, it is further

10.  ORDERED that the Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of the Consent Decree.  The Court directs the entry of this Consent Decree as a final order and dismisses this case with prejudice.

DONE, ORDERED, ADJUDGED and DECREED this ___7th___ day of ___September___, 2006.

                                                ___s/Lewis T. Babcock___
                                                United States District Judge

ENTRY OF THIS JUDGMENT IS HEREBY CONSENTED TO:

Robert E. Yates, Jr.


<u>s/Robert E. Yates, Jr.</u>
P.O. Box 390574
Denver, Colorado 80239


Vancol Industries, Inc. Profit Sharing and Tax Sheltered Savings Plan

<u>s/Robert E. Yates, Jr.</u>
Trustee
P.O. Box 390574
Denver, Colorado 80239

APPROVED:

Howard M. Radzely
Solicitor of Labor

Michael A. Stabler
Regional Solicitor
Missouri Bar No. 26211

<u>s/ Andrea Christensen Luby</u>
Attorney
Missouri Bar No. 49009
Kansas Bar No. 19030

1210 City Center Square
1100 Main Street
Kansas City, MO 64105
(816) 426-6441

U.S. Department of Labor
Attorneys for Plaintiff